```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/22/2018_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IZAEL BARRIOS, individually and on behalf of others similarly situated,

        Plaintiff,

-against-

ZUCCA TRATTORIA INC. (D/B/A TAQUERIA MEZA), BKUK CORP. (D/B/A BKUK GROUP), BESIM KUKAJ, and ALBANO LACI,

        Defendants.

18 Civ. 1466 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

    Plaintiff, Izael Barrios, brings this action against Defendants, Zucca Trattoria Inc. (d/b/a Taqueria Meza), BKUK Corp. (d/b/a BKUK Group), Besim Kukaj, and Albano Laci, for, *inter alia*, unpaid overtime and minimum wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Having reached a settlement, the parties seek the Court's approval of their proposed settlement agreement. *See* Letter, ECF No. 39. For the reasons stated below, the motion to approve the settlement agreement is GRANTED.

**DISCUSSION**

I.    Legal Standard

    The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

    In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

    the totality of circumstances, including but not limited to the following factors: (1)

the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citation omitted).

II.   Analysis

The Settlement provides for Defendants to pay Plaintiff $14,000 and to pay Plaintiff's counsel $7,000, a one-third contingency fee. Letter at 3. The parties' letter motion identifies Plaintiff's total possible recovery to be approximately $27,000, if he were to succeed on all of his overtime and minimum wage claims at trial. *Id.* The parties assert that Plaintiff "has made an informed decision to settle the action at an early stage of litigation, without incurring the costs or encumbrance of lengthy litigation and trial," and note that the Settlement "at this stage avoids the need for costly trial." *Id.* at 2–3. Additionally, the parties state that they engaged in arms-length bargaining with the assistance of the Honorable Stewart D. Aaron, and there is no evidence of fraud or collusion. *Id.* at 3. The Court, therefore, concludes, that the Settlement satisfies each of the *Wolinsky* factors.

In addition, the release provision in the Settlement is not overly broad, as it releases Defendants from claims "relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement." Settlement Agreement and General Release ("Settlement") ¶ 3, ECF No. 39-1. The Settlement also contains no confidentiality provision. The Court is, therefore, satisfied that the Settlement is fair and reasonable.

Turning to attorney's fees, Plaintiff's counsel seeks to recover $7,000 in fees and costs, reflecting one-third of the total value of the Settlement. Letter at 3. The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [her] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d

96, 121 (2d Cir. 2005). As a check on the reasonableness of attorney's fees, however, courts still calculate the total cost of attorney's hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *5 (S.D.N.Y. Feb. 1, 2010).

Plaintiff's counsel's lodestar calculation is $3,925 in costs and attorney's fees for work done by Michael Faillace & Associates, P.C. on Plaintiff's FLSA claim. Letter at 3–4; Billing Records, ECF No. 39-2. Michael Faillace, lead counsel on the matter, billed 3.5 hours at a rate of $450 per hour. *Id.* This rate is reasonable, as Faillace is the managing member of the firm, has been practicing since 1983, and has taught employment discrimination at Fordham University and Seton Hall University law schools. Letter at 5; *see also Surdu v. Madison Glob., LLC*, No. 15 Civ. 6567, 2018 WL 1474379, at *10 (S.D.N.Y. Mar. 23, 2018) (finding reasonable Faillace's hourly rate of $450). Additional hours are billed by associate Haleigh Amant, who billed 7.8 hours at a rate of $250 per hour. *See* Billing Records. This rate is also reasonable. *See Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 324 (S.D.N.Y. 2014) (finding rate of $250 per hour reasonable for a junior associate).

Although the lodestar calculation exceeds the one-third fee award which counsel seeks, the Settlement was achieved at an early stage of the litigation and without great exertion of Court resources, which is a positive reflection of counsel's experience and the quality of the representation.[1] *See Asare v. Change Grp. of N.Y., Inc.*, No. 12 Civ. 3371, 2013 WL 6144764, at *21 (S.D.N.Y. Nov. 18, 2013) (finding that "[c]ounsel's skill and experience was directly responsible for this favorable settlement reached in an efficient manner without great Court intervention at an early stage of litigation," which favored approval of attorney's fees). Given these facts, and that "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases," *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015), the Court finds that the fee award is reasonable.

## CONCLUSION

For the reasons stated above, the parties' motion for settlement approval is GRANTED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: October 22, 2018
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] Additionally, a fee award of $7,000 is a 1.8 multiplier of the lodestar calculation, a number well within the appropriate range for lodestar multipliers. *See Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) ("[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases.").